UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-24787-CIV-GRAHAM

DOUG LONGHINI,

    Plaintiff,

vs.

MATANZAS SHOPPING CENTER I INC., et al.,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Strike Defendant Matanzas Shopping Center I Inc.'s Affirmative Defenses in ¶¶ 36-42,44-48. [D.E. 12].

**THE COURT** has considered the Motion, the pertinent portions of the record, and is otherwise duly advised in the premises. For the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

### I. Background

On November 15, 2018, plaintiff Douglas Longhini ("Longhini") filed a Complaint alleging violations of Title III of the Americans with Disabilities Act (ADA).[D.E. 1]. On January 10, 2019, Defendant, Matanzas Shopping Center I Inc. ("Matanzas") filed its Answer and Affirmative Defenses to the Complaint. [D.E. 10]. Thereafter, Longhini filed the instant motion seeking to strike Matanzas' affirmative defenses. [D.E. 12].

## II.    Legal Standard

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Bluewater Trading LLC v. Willmar USA, Inc., 2008 WL 4179861, at *1 (S. D. Fla. September 9, 2008)(Cohn, J.). Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Allapattah Serv., Inc. v. Exxon Corp., 372 F. Supp. 2d 1344, 1371 (S.D. Fla. 2005) (quoting 5C A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990)). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Bluewater Trading LLC v. Willmar USA, Inc., 2008 WL 4179861, at *1 (S. D. Fla. September 9, 2008)(Cohn, J.). An affirmative defense may also be stricken if it is "insufficient as a matter of law." Losada v. Norwegian (Bahamas) Ltd., 296 F.R.D. 688, 690 (S.D. Fla. 2013). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id.

2

(quoting <u>Microsoft Corp. v. Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. 681, 683 (M.D. Fla. 2002)).

When responding to a claim, a party is required to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). The requirements of Rule 8 are satisfied when a defendant gives "'fair notice' of 'the defense and the grounds upon which it rests.'" <u>Morrison v. Exec. Aircraft Refinishing, Inc.</u>, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957))."An affirmative defense must be stricken when the defense comprises no more than bare-bones, conclusory allegations." <u>Oriole Gardens Condo. Ass'n I v. Aspen Specialty Ins. Co.</u>, No. 11-62281, 2012 WL 864629, at *1 (S.D. Fla. Mar. 13, 2012) (citing <u>Jesse's Computers & Repair, Inc.</u>, 211 F.R.D. at 684). Motions to strike are not favored, but in the end, the decision to strike a pleading is committed to the district court's "broad discretion." <u>Assa Realty, LLC v. Solution Group Corporation</u>, 2018 WL 1313432, at *4 (S. D. Fla. March 12, 2018)(Scola, R.).

## III. Analysis

Matanzas responds that Longhini's motion to strike should be denied as moot as to its First (¶ 36), Seventh (¶ 42), Ninth (¶ 44), Tenth (¶ 45), and Eleventh (¶ 46) Affirmative Defenses because it concedes that they may be treated as specific denials and voluntarily withdraws same. Therefore, the Court will only consider Longhini's Motion to Strike [D.E. 12] as to Matanzas' Second (¶

3

37), Third (¶ 38), Fourth (¶ 39), Fifth (¶ 40), Sixth (¶ 41),
Twelfth (¶ 47), and Thirteenth (¶ 48) Affirmative Defenses.

Matanzas' Third (¶ 38), Fourth (¶ 39), and Fifth (¶ 40)
Affirmative Defenses plead no facts in support of the allegations
and are simply bare and conclusory allegations. An affirmative
defense must be stricken when the defense comprises no more than
bare-bones, conclusory allegations. Oriole Gardens Condominium
Ass'n I v. Aspen Specialty Ins. Co., 2012 WL 864629, at *1 (S. D.
Fla. March 13, 2012). The affirmative defense in ¶ 38 asserts that
the relief sought by Plaintiff "would constitute 'undue burdens'"
to Defendant.[D.E.8]. Similarly, Defendant states in ¶ 39 that the
relief sought by Plaintiff is not "readily achievable" by
Plaintiff. Id. The affirmative defense in ¶ 40 contends that
Defendant's "goods, services, facilities, privileges, advantages
and accommodations are available through alternative methods." Id.
In each of these defenses, Defendant provides no factual context to
the allegation. Specifically, Defendant does not explain what is
meant by "undue burdens", "readily achievable" or "alternative
methods." Because Defendant fails to give plaintiff fair notice of
the defense, Longhini's motion is granted and Matanzas' Third (¶
38), Fourth (¶ 39), and Fifth (¶ 40) Affirmative Defenses are
stricken.

Given the pleading standard for affirmative defenses, Matanzas'
Second (¶ 37) Sixth (¶ 41), Twelfth (¶ 47), and Thirteenth (¶ 48)
Affirmative Defenses are adequately stated and provide Plaintiff

with fair notice of the defenses and the grounds upon which they rest. Plaintiff's motion with respect to these affirmative defenses is therefore denied.

## IV.     Conclusion

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike. [D.E. 12] is **GRANTED in part and DENIED in part**. It is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike. [D.E. 12] as to Matanzas' First (¶ 36), Seventh (¶ 42), Ninth (¶ 44), Tenth (¶ 45), and Eleventh (¶ 46) Affirmative Defenses is **DENIED as moot.** It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike. [D.E. 12] is **DENIED** as to Matanzas' Second (¶ 37) Sixth (¶ 41), Twelfth (¶ 47), and Thirteenth (¶ 48) Affirmative Defenses. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike. [D.E. 12] is **GRANTED** as to Matanzas' Third (¶ 38), Fourth (¶ 39), Fifth (¶ 40) Affirmative Defenses.


**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of February, 2019.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE


cc:   All Counsel of Record